IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Andrea R. James, | : | |
| Plaintiff | : | Civil Action 2:11-cv-0847 |
| v. | : | Judge Graham |
| Kaiser Aluminum Fabricated Products, LLC, *et al.*, | : | Magistrate Judge Abel |
| | : | |
| Defendants | | |
| | : | |

## Discovery Dispute Conference Order

On April 15, 2013, counsel for the parties participated in a telephone discovery dispute conference with me.

At the April 13 final pretrial conference, defendant Kaiser Aluminum Fabricated Products, LLC's counsel told Magistrate Judge Kemp that they intended to argue at trial that plaintiff Andrea James's damages should be cut off shortly after her employment was terminated because about a month after she was fired she was incarcerated for 20 days for violating the terms of a probation she was serving for her third DUI conviction. She could not have worked during those 20 days and, consequently, would have been fired for violating Kaiser's attendance policy. Plaintiff will file a motion *in limine* asking that the court exclude evidence regarding James's DUI convictions and incarceration for probation violation. Alternatively, plaintiff seeks leave to offer a witness who would testify that while incarcerated James could have continued her employment on work release.

Plaintiff did not disclose a witness who would testify about work release in her

Rule 26(a)(2) disclosures. She did not make 26(a)(3) disclosures. She did not list a witness who would testify about work release in the proposed final pretrial order submitted to Magistrate Judge Kemp.

During the discovery dispute telephone conference, counsel provided the following information about the dispute. James had three DUI convictions and was on probation for the third conviction. She was jailed following a traffic stop. She had been drinking and had violated curfew. The judge sentenced her to 85 days in jail, but 65 days were suspended. Had James remained employed by Kaiser, she would have been working a day shift during those 20 days.

Kaiser's September 27, 2011 answer pled that plaintiff's damages "are subject to limitation because Plaintiff's employment would have been terminated pursuant to after-acquired evidence." (Answer, Fifteenth Defense, ¶ 118, p. 17, Doc. 6, PageID 65.) On April 4, 2012, following a telephone call between them, defense counsel sent an email to plaintiff's counsel regarding settlement. In the email, defense counsel said that James had been in jail 20 days and that after-acquired evidence would significantly limit the damages she could recover.

Rule 26(a)(3) of the Federal Rules of Civil Procedure requires the parties to disclose the name of each witness that the party expects to present at trial. Fed. R. Civ. P. 26(a)(3)(A)(i). Rule 26(a)(3)(B) requires the parties to make their pretrial disclosures at least 30 days prior to trial. Parties who do not comply with Rule 26(a) may be sanctioned by the district court under Rule 37(c). "If a party fails to . . . identify a witness as required by Rule 26(a). . . , the party is not allowed to use that . . . witness to supply evidence . . . at a

trial, unless the failure was substantially justified or is harmless. " Fed. R. Civ. P. 37(c)(1).

Here, plaintiff has failed to provide any justification for the failure to identify the witness. A witness may be permitted to testify even if the failure to disclose is without substantial justification provided that the failure was harmless. This case does not present a situation where the failure to disclose was harmless. The Advisory Committee to the 1993 Amendments to Rule 37 stated:

> Limiting the automatic sanction to violations 'without substantial justifi-cation,' coupled with the exception for violations that are 'harmless,' is needed to avoid unduly harsh penalties in a variety of situations: *e.g.* the inadvertent omission from a Rule 26(a)(1)(A) disclosure of the name of a potential witness known to all parties; the failure to list as a trial witness a person so listed by another party; or the lack of knowledge of a pro se litigant of the requirement for disclosure had been called to the litigant's attention by either the court or another party.

Advisory Committee Notes to 1993 Amendments (including Rule 37(c)(1)). "This commen-tary strongly suggests that 'harmless' involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party. *Vance, by and Through Hammons v. U.S.*, No. 98-5488, 1999 WL 455435, at *5 (6th Cir. Jun. 25, 1999). The examples provided by the Advisory Committee differ significantly from this case. Here, defendants had no idea that plaintiff intended to present such a witness. Furthermore, defendants have not had any opportunity to depose the witness or seek discovery on issues related to his or her testimony.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P., and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the

District Judge.  The motion must specifically designate the Order, or part thereof, in question and the basis for any objection thereto.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/Mark R. Abel  
United States Magistrate Judge