IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Andrea R. James, | : | |
| Plaintiff, | : | Case No. 2:11-cv-00847 |
| v. | : | Judge Graham |
| Kaiser Aluminum Fabricated Products, LLC, *et al.*, | : | Magistrate Judge Abel |
| Defendants. | : | |

OPINION AND ORDER

Plaintiff Andrea James brings this action under the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2615, against her former employer Kaiser Aluminum Fabricated Products, LLC. James asserts that Kaiser interfered with her rights under the FMLA by refusing to properly credit as FMLA leave two days she was absent from work in February 2011. James alleges that she was absent for migraines, a condition that Kaiser had previously approved as an FMLA-qualifying serious health condition for James. Kaiser disputes that James had migraines on those days and argues that she was absent because of a sinus infection. James further asserts that Kaiser retaliated against her exercise of FMLA rights by terminating her. Kaiser disputes this contention as well. It argues that it had an honest belief that her absences were not for an FMLA-covered condition and that those absences – when combined with James's prior unexcused absences – triggered her dismissal under the company's attendance policy.

Kaiser moved for summary judgment, which the court denied, and the case is set for trial on April 29, 2013. Now before the court are two motions *in limine* filed by plaintiff to exclude certain evidence from trial.

1

I.      **Honest Belief Rule**

In the first motion *in limine*, plaintiff seeks to preclude defendant from presenting any evidence or argument regarding the honest belief rule.  See generally Seeger v. Cincinnati Bell Tel. Co., 681 F.3d 274, 285-86 (6th Cir. 2012) (under the rule an employer may counter plaintiff's assertion that the proffered reason for the adverse employment action is pretext by showing that it held an honest belief in the proffered reason).  Though the motion cites in passing Fed. R. Evid. 403 (relevant evidence that may be excluded as prejudicial, confusing, misleading, or cumulative), plaintiff's argument for excluding the honest belief evidence is not based on any Rule 403 ground.  Rather, plaintiff argues that there is not sufficient evidence in the record to support an inference that Kaiser honestly believed that James did not have migraines on the days of her absences in February 2011.  Plaintiff contends that Kaiser cannot prove that it had a legitimate basis for doubting plaintiff's stated reason for her absences and further contends that the record shows that Kaiser's investigation of plaintiff's absences was inadequate and amounted to a sham.

The court denies plaintiff's motion *in limine* for two reasons.  First, plaintiff has not demonstrated that any of the honest belief evidence is prejudicial, confusing, misleading, or cumulative under Rule 403.  Plaintiff's argument amounts to an untimely motion for summary judgment.  Second, plaintiff's argument mischaracterizes the record.  As was discussed in the court's ruling on Kaiser's motion for summary judgment, there is sufficient evidence from which a reasonable factfinder could conclude that Kaiser had legitimate grounds for scrutinizing plaintiff's absences.  Upon her return to work, James provided her supervisor with a doctor's note that vaguely referenced an unspecified "medical condition," and James communicated to her supervisor that she had come down with a cough.  This information did not seem to support

James's initial call-in that she would be absent because of migraines. Kaiser offered further evidence that it conducted an investigation in which the treating medical care providers were consulted and James was given an opportunity to present further evidence. Kaiser ultimately determined that, based on medical records stating that James "was seen for [a] sinus infection," her absence was not because of migraines. In sum, there is sufficient evidence on the record to create a genuine dispute about whether Kaiser had an honest belief that James's absences were unexcused and thus had a legitimate, nondiscriminatory reason her discharge.

**II.    Post-Termination Jail Time**

In her second motion *in limine*, plaintiff seeks to exclude the introduction of evidence concerning her three misdemeanor convictions for operating a vehicle under the influence of alcohol or drugs. Plaintiff cites Rule 609 for the proposition that evidence of a criminal conviction generally cannot be used to attack a witness's character for truthfulness. This argument misapprehends the reason for which Kaiser seeks introduction of the evidence. Kaiser argues that any award of damages must be limited if James prevails at trial because James violated her probation less than four months after her employment was terminated and served 20 days in jail. This jail time would have resulted in her termination, argues Kaiser, because she would have exceeded the allowable number of unexcused absences under Kaiser's attendance policy. Kaiser thus argues that any award of backpay should be limited in time to less than 4 months.

Kaiser's argument for limiting backpay concerns what is known as the after-acquired evidence defense, which allows an employer to show that the employee would have been terminated anyway for reasons that became known to the defendant after the termination decision. See McKennon v. Nashville Banner Publ'g Co., 513 U.S. 352 (1995); Sellers v.

Mineta, 358 F.3d 1058 (8th Cir. 2004).  In certain circumstances courts have allowed an employer to use evidence relating to the employee's conduct or condition, where such evidence is acquired after the termination decision, to limit the employee's recovery.  Namely, the employer may attempt to prove that the employee's conduct or condition was sufficiently serious to independently warrant termination, even absent the alleged improper motive.  See Edgar v. JAC Products, Inc., 443 F.3d 501, 514 (6th Cir. 2006).  The court finds here that evidence of the fact of James's post-termination jail time is plainly relevant to the issue of damages.  See Jones v. Nissan N. Am., 438 Fed. App'x 388, 405-407 (6th Circ. 2011) (discussing the after-acquired evidence defense and its availability to bar front pay and reinstatement and to curtail backpay).[1]

Plaintiff further argues that evidence of only the fact of the jail time should be admitted and that evidence of the OVI convictions and the circumstances of her probation violation should be excluded as prejudicial.  The nature of the probation violation was described in a recent discovery order by the magistrate judge as a traffic stop in which James was found to have been drinking and violating curfew.  Doc. 57 at p. 2.

---

[1] Plaintiff's motion *in limine* is directed at excluding evidence of the three OVI convictions. Plaintiff has not made a legal challenge to the availability of the after-acquired evidence defense, and, as such, that issue is not before the court.  See Jones, 438 Fed. App'x at 406 (noting the unanswered issue in the Sixth Circuit concerning the availability of the defense where the after-acquired evidence concerns an employee's misconduct that takes place post-termination); Sellers, 358 F.3d at 1063 (discussing the case law and concluding that McKennon applies to post-termination conduct); McKenna v. City of Philadelphia, 636 F.Supp.2d 446, 459-61 (E.D. Pa. 2009) (following Sellers); Nemeth v. Citizens Fin. Grp., No. 08-cv-15326, 2012 WL 3262876, at *5 (E.D. Mich. Aug. 9, 2012) ("[A] fair reading of Jones . . . would permit the after-acquired evidence defense to be asserted based on post-termination conduct under appropriate circumstances.").  See also Christine Neylon O'Brien, *The Law of After-Acquired Evidence in Employment Discrimination Cases: Clarification of the Employee's Burden, Remedial Guidance, and the Enigma of Post-Termination Misconduct*, 65 UMKC L.Rev. 159, 174 (1996) (concluding that serious post-termination misconduct should generally bar reinstatement and limit backpay).

4

The court finds that, in the posture of this case as currently presented by the parties, only the fact of the jail time (and evidence of Kaiser's attendance policy and its enforcement) is necessarily relevant for Kaiser to prove that James would have been terminated for unexcused absences.  Any relevance that the convictions and probation violation might have is outweighed by their potential prejudicial effect.  The court thus grants plaintiff's motion *in limine* to exclude evidence of the OVI convictions and probation violation.  The court will reserve the ability to reconsider the admissibility of this evidence should the facts and arguments developed at trial provide a basis for reconsideration.

### III.   Conclusion

Accordingly, plaintiff's motion *in limine* as to the honest belief rule (doc. 52) is DENIED, and plaintiff's motion *in limine* as to the OVI convictions and probation violation (doc. 54) is GRANTED

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: April 25, 2013